as to defendant's counterclaim is against the weight of the evidence. Of course, there will be no necessity for a new trial as to plaintiff's claim, as that was practically conceded at the trial, and no question was raised as to it upon the rendition of the verdict, and no appeal with reference thereto was taken from the judgment. Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.

HARRY LEMBERGER, Respondent, v. SAM KANER and Others, Appellants.— Judgment reversed upon the law and the facts, with costs, and judgment directed for defendants, with costs. The testimony and documentary proof lead us to the conclusion that the transaction complained of was not fraudulent. The transfer carried with it not exceeding $7,000 in property belonging to defendant Sam Kaner for the discharge of existing indebtedness considerably in excess of that sum. There was a fair consideration given for this transfer within the provisions of section 272 of the Debtor and Creditor Law.* The arrangement was acquiesced in by all creditors except the plaintiff, and there is no basis for inferring wrongdoing from the fact that the creditors decided to have the business continued and to satisfy themselves out of future earnings if the business so warranted. Findings of fact and conclusions of law to the effect that the transaction was fraudulent and void as to the plaintiff or any creditor are reversed, and new findings and appropriate conclusions of law will be made. Lazansky, P. J., Rich, Kapper, Seeger and Scudder, JJ., concur. Settle order on notice.

ELSIE LEVY, Appellant, v. JOHN LEVY, Respondent.— Order denying motion for alimony and counsel fee affirmed, without costs. No opinion. Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.

OSCAR LEVY, Respondent, v. SCHNURMACHER CONSTRUCTION CORPORATION, Appellant.— Judgment affirmed, with costs. No opinion. Rich, Young, Seeger and Scudder, JJ., concur; Lazansky, P. J., dissents and votes for reversal upon the ground that the covenant is personal and does not run with the land, and upon the further ground that defendant's land is not burdened with the covenant, because he cannot use the driveway in connection with the land.

JOSEPH LIBEN and Others, Respondents, v. GORE BUILDING CORPORATION, Appellant, and THE PEOPLE OF THE STATE OF NEW YORK, Defendant.— Order denying motion of defendant Gore Building Corporation to vacate and set aside judgment of foreclosure and sale, bill of costs, order of reference, referee's report and notice of sale affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Hagarty and Carswell, JJ., concur; Seeger, J., dissents and votes for reversal.

EDWIN C. E. LORD and GEORGE W. LORD, Individually and as Surviving Trustees under the Last Will and Testament of MARY A. T. LORD, Deceased. CHARLOTTE C. L. BOLTEN and ELLIS LORD, Respondents, Appellants, v. PETER SONSIRE, Appellant, Respondent.— Order granting in part and denying in part plaintiffs' motion to strike out certain parts of answer affirmed, without costs. Defendant to serve an amended answer, as directed by the order appealed from, within ten days from service of a copy of the order herein. No opinion. Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.

ANGELINA LUCIA, as Administratrix, etc., of BRIDGET MIELE, Also Known as BRIDGET CERILLO, Deceased, Appellant, v. GIUSEPPE MIELE, Respondent.

---

* Added by Laws of 1925, chap. 254.— [REP.

(Action No. 1.) — Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

ANGELINA LUCIA, as Administratrix, etc., of BRIDGET MIELE, Also Known as BRIDGET CERILLO, Deceased, Appellant, v. GIUSEPPE MIELE, Respondent. (Action No. 2.) — Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

JOHN S. LUNNEY, Respondent, v. ELVIDIO CAPOBIANCO, Defendant. PERRY P. FRAUCHT and EDGAR L. MORRISON, Appellants.— Judgment and order denying motion to set aside verdict unanimously affirmed, with costs. The facts permitted the jury to find that plaintiff's car was struck by the appellants' car, the Packard, when both vehicles were to the south of the center of the road which, therefore, determined that the Packard was on the wrong side of the road when it ran into the Overland car. The facts also permitted the jury to find that when the Nash car came in contact with plaintiff's car, the Packard was at least 100 feet to the rear of the Nash car, and that at the speed at which the driver said he was going, coupled with the perfect condition in which he claimed his brakes and car to be, he had ample time and space to anticipate the possibility of collision with plaintiff's car. We have, therefore, reached the conclusion that the verdict is supported by the evidence. Present — Lazansky, P. J., Rich, Kapper, Seeger and Scudder, JJ.

ELIZABETH MANN, as Administratrix, etc., of JOSEPH FINNELL, Deceased, Appellant, v. THE NASSAU ELECTRIC RAILROAD COMPANY, Respondent.— Order setting aside verdict reversed upon the law and the facts, with costs, and verdict reinstated in the sum of $4,000 upon condition that within five days from service of a copy of the order entered herein, appellant stipulate that the verdict be reduced to that amount; in which event judgment is directed to be entered thereon, with costs; otherwise, order unanimously affirmed, with costs. In our opinion the verdict as rendered was excessive. Rich, Seeger and Scudder, JJ., concur; Lazansky, P. J., and Kapper, J., dissent and vote to affirm upon the ground that the court exercised proper discretion in setting aside the verdict.

VINCENT MARESCA, Appellant, v. HARRIS BROTHERS COMPANY, Respondent.— Order reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The motion to dismiss for failure to prosecute was improperly granted in view of the fact that later issues have not been tried in their regular order. (Rules Civ. Prac. rule 156.) Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.

SARAH A. MCKNIGHT, Respondent, v. BANK OF NEW YORK AND TRUST COMPANY and WILLIAM G. PILGRIM, Appellants.— Order denying motion to dismiss complaint affirmed, with ten dollars costs and disbursements, with leave to defendants to answer within ten days from service of a copy of the order entered herein. In our opinion, the trust here is revocable, and the decision is, therefore, correct under the principle laid down in *Whittemore* v. *Equitable Trust Co.* (162 App. Div. 607). The decision is based upon this ground only. Young, Hagarty, Seeger and Scudder, JJ., concur; Rich, J., concurs in result.

JOSEPH MERANTE, Appellant, v. MARIE VAN PRAAG, Sued as ANNA VAN PRAAG, the Name " Anna " Being Fictitious, Defendant's True Christian Name Being Unknown to Plaintiff, Respondent.— Judgment, and order as resettled,